UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charlotte K. Mcie, | : | Case No. 1:09CV2339 |
| | : | |
| Plaintiff | : | Judge Sara Lioi |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendant | : | |

This action pursuant to 42 U.S.C. §405(g) seeking judicial review of defendant's final determination denying plaintiff's claim for disability benefits, 42 U.S.C. §§416(i), 423, is pending decision upon the parties' submissions on the merits, pursuant to which plaintiff seeks a judgment in her favor and defendant seeks final judgment upholding the decision below.

It appears from the parties' submissions that the plaintiff applied for benefits on October 12, 2004, asserting an onset date of disability of April 15, 2003.[1]

Of critical importance in this case is that the plaintiff's fully insured status, a requisite of eligibility for the benefits she seeks, terminated on September 30, 2004. Therefore, in order to be entitled to an award of DIB it was incumbent upon the plaintiff to prove disability arising between April 15, 2003 and September 30, 2004.

Upon denial of plaintiff's claim on the state agency level hearing de novo before an

---

[1] Although the transcript contains a certification that "the documents annexed hereto constitute a full and accurate transcript of the entire record of proceedings relating to the case" it does not contain a copy of the plaintiff's application for benefits or of a Disability Report - Adult, which this Court knows accompanies the application and sets out the claimant's statement as to the alleged disabling impairments and the manner in which those impairments limit his/her ability to work.

Administrative Law Judge (hereinafter ALJ) was requested. Evidentiary hearing, at which plaintiff was represented by counsel, was held on May 22, 2007. Also testifying at that proceeding were a medical expert, Dr. Frank Cox, and a vocational expert, Mr. Mark Anderson.

At that hearing the plaintiff testified that she left her last job as a nurse's aide, where she worked from 1999 to 2003, because "I just had so much pain in my back that I couldn't perform my duties as an aide," the pain in her lower back being at the level of 8 or 9 on a 1 to 10 scale and radiating down her right leg. She also testified to stiffness in both hands effecting her ability for fine manipulation, and to uncontrollable diarrhea once or twice a week lasting the entire day.

On June 25, 2007 the ALJ entered his opinion denying plaintiff's claim. That decision became defendant's final determination upon denial of review by the Appeals Council on September 4, 2009. The ALJ's "Findings of Fact and Conclusions of Law" were:

1. Mcie last met the insured status requirements of the Social Security Act on September 30, 2004.

2. Mcie did not engage in substantial gainful activity during the period from her alleged onset date of April 15, 2003 through her date last insured of September 30, 2004 (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3. Through the date last insured, Mcie had the following medically determinable impairments: osteoarthritis of the lumbar spine (Exhibits 5F, 7F, 11F, 12F, 14F, and 17F); gastroesophageal reflux disease (Exhibits 12F, 14F, 14F, [sic] and 17F); irritable bowel disease (Exhibits 14F and 14F [sic]); hypertension (Exhibits 12F, 14F, and 17F) (20 CFR 404.1520(c)).

4. Through the date last insured, Mcie did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months; therefore, Mcie did not have a severe impairment or combination of impairments (20 CFR 404.1521).

5. Mcie's medically determinable impairments could have been reasonably expected to produce the alleged symptoms, but that

>    Mcie's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.
>
> 6. Mcie was not under a disability as defined in the Social Security Act, at any time from April 15, 2003, the alleged onset date, through September 30, 2004, the date last insured (20 CFR 404.15620(c)).

The broad controlling issue in this case is whether defendant's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389 (1971). In resolving that issue, the decision upon judicial review cannot turn upon whether the reviewing court agrees with the Secretary's determination. Indeed, the reviewing court may conclude that substantial evidence would support a final determination contrary to that arrived at by the defendant and yet be obliged to affirm the defendant's final determination. In Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986), the court cited with approval the following from Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984):

> The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

Substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647 (6th Cir. 1973). Questions of credibility of witnesses and weight of the evidence are basically within the province of the ALJ as trier of the facts, Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972), and if such determinations have a rational foundation in the record, based upon the evidence, a reviewing court may not substitute its judgment for that of the ALJ. Cf., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Tyler v. Weinberger, 409 F.Supp. 776 (E.D.Va. 1976).

42 U.S.C. §423(d), in defining the term "disability" provides, in pertinent part, that:

>    (d)(1) The term "disability" means -
>
>    (A) inability to engage in any substantial gainful activity by reason of

>any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
>
>\* \* \*
>
>(3) For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

As a part of the Disability Benefits Reform Act of 1984, Pub. L. 98-460, an amendment was adopted to Section 423(d)(5) of the Act, which provided:

>An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically accepted clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

In Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir. 1986), the court interpreted the foregoing statutory provision and the Secretary's implementing regulations as calling for a two step analysis in evaluating a claimant's assertion of disabling pain. As held therein:

>First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain.

Id. at 853. The second prong of that standard is in the alternative, and the claimant need only meet one of the two elements. Felisky v. Bowen, 35 F.3d 1027, 1039 (6th Cir. 1994).

Although the amendment to §423(d)(5) interpreted in Duncan had a "sunset" date of January 1, 1987, the Sixth Circuit has held that "Duncan does apply to post-Reform Act cases," McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 999 (6th Cir. 1988). In addition, this Court believes that the statutory standard as construed in Duncan is consistent with the precedents in this circuit predating that legislation, so that it can be said that there is a reasonable continuity of rationale within the circuit on the issue of the need for, and requisites of, objective support for subjective complaints.

It has long been recognized in this circuit that pain alone may be sufficient to support a claim of disability. King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). It is also the established rule that a claimant's testimony as to symptomatology, including pain and functional limitation, is entitled to perceptible weight, provided that it is properly and adequately supported by the medical evidence in the record. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1054 (6th Cir. 1983).

This is not to say, however, that the Secretary is at the mercy of every claimant's subjective assertions as to the existence of an alleged impairment, or as to the pain and/or functional limitation consequent thereto. There must be supporting evidence by way of medical records, reports, and/or clinical studies documenting the existence of an alleged impairment, Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), and reflecting that the plaintiff's subjective complaints are reasonable in light thereof. Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 386 (6th Cir. 1978). Not all claims which could arguably be relatable to some alleged physical impairment must be credited based upon a claimant's testimony, and a fact finder's conclusion, based upon more persuasive evidence, either that an asserted impairment, or the pain and/or limitation arising therefrom, does not

5

exist or is of such a degree as not to foreclose substantial gainful activity, is not forbidden. Halsey v. Richardson, 441 F.2d 1230, 1236 (6th Cir. 1971).

It is thus abundantly clear that the extent to which the plaintiff's subjective testimony is supported by the medical evidence is a critical factor in resolving the issue of whether the defendant's decision satisfies the "substantial evidence" standard.

Much of the objective medical evidence in this record either pre-dates the plaintiff's claimed onset date of April 15, 2003 or post-dates her last insured date of September 30, 2004, or pertains to medical conditions unrelated to the basis of her claim of disability.

Having carefully reviewed the medical evidence probative of the period April 15, 2003 - September 30, 2004 this Court is in agreement with the testimony of Dr. Cox, which the ALJ credited, that the objective medical evidence does not support the plaintiff's extreme subjective complaints. Dr. Cox testified that there is no evidence of carpal tunnel syndrome; that the MRI of the plaintiff's back "almost has to be asymptomatic"; that muscle testing showed normal strength in the plaintiff's legs; that there is no objective evidence to support allegations of pain in the cervical or lumbar spine; and that there is nothing in the medical evidence concerning uncontrolled diarrhea. While he stated that he would consider the plaintiff limited to light work, that was not by reason of any objectively documented impairments. Rather, it was by virtue of "deconditioning, age, gender," which will not support a finding of disability under 42 U.S.C. §423(d)(1)(A). When questioned by plaintiff's counsel Dr. Cox conceded that while arthritis in the back can cause pain, he stated that what he saw in the MRI report of the plaintiff's back "is far less than most people when they get to be 50." He further stated, in response to a question from the ALJ, that "the changes counsel pointed out in the MRI would produce pain that is localized to that area. It would not produce pain running down the legs or over the whole back. It would be a pain right at the area where the arthritis is."

This Court must note that the plaintiff's medical records, including her subjective complaints, do not materially differ during the period preceding her claimed onset date, while she was still working, and thereafter.

This Court, concluding that the ALJ's decision was within his zone of choice as finder of the facts, recommends that final judgment be entered affirming the defendant's final determination.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE: October 19, 2010

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).